THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| PMT NPL FINANCING 2015-1, | CASE NO. C18-0358-JCC |
| Plaintiff, | ORDER |
| v. | |
| THOMAS C. LEE, *et al*., | |
| Defendants. | |

This matter comes before the Court on Defendant Thomas Lee's response (Dkt. No. 10) to the Court's order to show cause (Dkt. No. 7). The Court remanded Defendants' action to King County Superior Court for lack of subject matter jurisdiction. (Dkt. No. 7.) The Court noted that this case has been removed, and subsequently remanded, four times for the same reasons. (*Id*.) In that same order, the Court instructed Defendants to show cause why a standing bar order should not be entered against them.[1] (*Id*.) Defendants filed a response that did not address this Court's lack of subject matter jurisdiction to adjudicate the case. (*See* Dkt. No. 10.) Defendants confuse the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), with the standard for remand for lack of subject matter jurisdiction under 28 U.S.C. § 1441. Defendants have not provided a sufficient reason to justify repeatedly removing their case to this Court.

---

[1] Standing bar orders are also known as "vexatious litigant orders" or a "pre-filing review procedure."

ORDER
C18-0358-JCC
PAGE - 1

District courts have inherent power to enter pre-filing orders against vexations litigants. The All Writs Act, 28 U.S.C. § 1651(a); *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). Prior to entering a vexatious litigant order, a Court must consider the following factors: (1) did the litigant receive notice and a chance to be heard, (2) did the court compile "an adequate record for review," (3) did the court make substantive findings about the frivolous or harassing nature of the party's litigation, and (4) was the vexatious litigant order "narrowly tailored to closely fit the specific vice encountered[?]" *De Long v. Hennessey*, 912 F.2d 1144, 1148 (Fed. Cir. 1990). Defendants have received adequate notice and filed a response to the Court's order. (Dkt. No. 10). Defendants' repeated attempts to remove this lawsuit are frivolous and appear intended to frustrate the legal proceedings in state court. An adequate record is available to demonstrate this finding, as Defendants have removed the same lawsuit to this Court four times. *See* Case No. C17-0535-RSM, Dkt. No. 1 (W.D. Wa. Apr. 6, 2017); Case No. C17-1376-RSL, Dkt. No. 1 (W.D. Wa. Sept. 13, 2017); Case No. C18-0212-JCC, Dkt. No. 1 (W.D. Wa. Feb. 9, 2018). Finally, the Court can narrowly tailor the vexatious litigant order by having it apply only to future attempts by Defendants to remove this lawsuit from state court.

Accordingly, this Court FINDS Defendants to be vexatious litigants. The Court ORDERS that Defendants SEEK and OBTAIN this Court's formal written permission before removing this lawsuit to federal court. The Clerk is DIRECTED to file any future removal petitions by Defendants under this case number.

The Court DIRECTS the Clerk to mail a copy of this order to Defendants.

DATED this 11th day of April 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE